The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost. The appealing party has shown good grounds to reconsider the evidence. Accordingly, the Full Commission rejects the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The undersigned finds as fact and concludes as law the following, which were entered into by the parties in their Pre-Trial Agreement dated 9 September 1999, which is incorporated herein by reference, and at the hearing before the Deputy Commissioner as
 STIPULATIONS
1. All parties are properly before the Commission and the Commission has jurisdiction over the subject matter.
2. At all relevant times, an employer-employee relationship existed between defendant-employer and plaintiff.
3. At all relevant times, The Hartford was the carrier on the risk.
4. Defendants have denied liability for plaintiffs claim and no benefits have been paid to plaintiff.
5. The parties stipulated into the record:
(a) Medical reports of Dr. Patrick H. Sasser
(b) Medical reports of Dr. David E. Tomaszek
(c) Medical reports of Dr. Rudolph Maier
(d) Medical reports of Dr. Michael J. Kushner
(e) Medical reports of Duke University Medical Center
(f) Form 22 dated 1 April 1998
(g) Plaintiffs Revised Answers to Interrogatories.
(h) Medical reports of Dr. John Havercamp.
6. The depositions of Drs. John Haverkamp and Rudolph J. Maier are a part of the evidentiary record in this matter.
 ***********
Based upon all of the evidence of record, the Full Commission finds as follows
 FINDINGS OF FACT
1. Plaintiff who was 40 years old at the time of the hearing before the Deputy Commissioner has a twelfth-grade education. Plaintiff has worked as a cook for numerous restaurants. Plaintiff also has training as an EMT but does not work as an EMT due to a back and neck injury sustained in a motor vehicle accident in 1976.
2. Employer-defendant is in the restaurant business and serves barbecue, fried chicken and other food items. Plaintiff began working for employer-defendant as a cook in approximately January 1996.
3. Plaintiff experienced an episode of dermatitis in approximately 1985. Although plaintiff testified at the hearing before the Deputy Commissioner that her dermatitis affected her left hand only and that her treatment was therefore limited, in fact, Dr. John Haverkamp treated plaintiff for dermatitis of both hands in 1985. Moreover, Dr. Haverkamp indicated the condition was worse on the right than the left and was particularly prominent between the fingers. Dr. Haverkamp treated plaintiff for nearly two years, as her condition continued to flare up.
4. Plaintiff alleges that she sustained second and third degree burns on her right hand, arm and face but was not burned on her left hand on 21 November 1996 when she was hit with a blast of steam from one of the machines in the restaurant. However, plaintiff did not seek immediate medical attention and continued to work until her shift ended. Although plaintiff claims that there were witnesses to the alleged accident, none have been produced.
5. Plaintiff did not seek medical treatment for the alleged injury by accident until January 1997, nearly two months later when she saw Dr. Patrick Sasser. There is no evidence that plaintiff was treated for burn-related injuries. Plaintiffs claim that she sought medical treatment earlier, specifically four days after the alleged accident, is not documented and not accepted as credible.
6. On 3 February 1997, plaintiff began treating with Dr. Haverkamp, an expert in dermatology, who noted complaints related to dermatitis on both hands and not just on the right as plaintiff contends. Plaintiffs condition was not an acute condition such as from a burn but a condition of longer duration. Furthermore, plaintiff testified at the hearing before the Deputy Commissioner that she had a burn on her right hand and an infection with streaks running up her arm on the date when she first visited Dr. Haverkamp. Significantly, Dr. Haverkamp, however, did not observe a burn or an infection upon examination of plaintiff that day.
7. Over the next several months, plaintiff continued to treat for both left and right hand complaints with Dr. Haverkamp who performed a patch test on plaintiff in September 1997. The patch test revealed that plaintiff was 4+ positive for nickel sulfate and neomycin sulfate. Dr. Haverkamp found no relationship between plaintiffs alleged steam burn and her allergies. There was little to no nickel or neomycin present in plaintiffs workplace.
9. Dr. Haverkamp indicated that plaintiff could work if she wore rubber gloves, which defendant-employer had available for plaintiff.
10. Plaintiff also treated with Dr. David Tomaszek, who is not an expert in dermatology and has since relocated to Texas. On 12 November 1997, Dr. Tomaszek signed a note stating that plaintiff was unable to attend school due to hand, neck and back pain. Thereafter, Dr. Tomaszeks notes of 19 May 1998 stated that he felt that plaintiff not only had mild carpal tunnel but also a complex regional pain problem. Dr. Tomaszek also signed a note that plaintiff was unable to work at that time. Furthermore, Dr. Tomaszek related plaintiffs chronic nerve injury in her arms to the alleged burn injury suffered two years earlier. Dr. Tomaszek did not treat plaintiff immediately after her alleged injury and was not deposed with an opportunity for cross-examination. Any opinion of his relating plaintiffs condition to an alleged burn injury at work is based on an inaccurate history provided by plaintiff and a lack of expertise in dermatology and is accordingly given little weight.
14. On 20 July 1998, plaintiff sought treatment with Dr. Joseph Maier, a neurologist who diagnosed possible fibromyalgia even though the clinical criteria for fibromyalgia was not present. When plaintiff presented to Dr. Maier, she had no complaints regarding her third and fourth fingers on the right hand. Dr. Maier observed no burn, no scarring and nothing appearing to be the residual from a burn.
15. Although Dr. Maier testified that that plaintiffs chronic pain is related to her alleged work injury, his opinion is given little weight as it is based upon an inaccurate history provided by plaintiff and a lack of expertise in dermatology. Furthermore, Dr. Maier did not treat plaintiff immediately after her alleged injury and is not in the best position to determine a causal connection.
16. Plaintiff has failed to prove by the greater weight of the evidence that she suffered an injury by accident arising out of and in the course and scope of her employment or that any chronic pain or fibromyalgia condition or inability to work is related to any incident at work on 12 November 1997.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows
 CONCLUSION OF LAW
Plaintiff has failed to prove that she sustained an injury by accident arising out of and in the course of the employment on 21 November 1996. N.C.G.S. 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 ORDER
1. Plaintiffs claim must be, and the same is hereby, Denied.
2. Defendant shall pay the costs.
This the ___ day of May 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/______________ RENE C. RIGGSBEE COMMISSIONER